## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **MIRINA BENFERHAT** | **CASE NO.  6:24-CV-00658** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **HANGER PROSTHETICS & ORTHOTICS INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) filed by Defendant, Jason Valdetero (Rec. Doc. 8), which Plaintiff opposed (Rec. Doc. 14). Relatedly, Plaintiff filed a Motion to Remand. (Rec. Doc. 15), which Defendants (Valdetero and Hanger Prosthetics & Orthotics, Inc.) opposed (Rec. Doc. 20). The motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion to Remand be denied, that Plaintiff's claims against Valdetero be dismissed without prejudice for lack of jurisdiction, and that Valdetero's Motion to Dismiss be denied as moot.

**Factual Background**

Plaintiff filed this suit in state court to recover for injuries she allegedly sustained as a high school student intern at a Hanger clinic. She alleges that while a student enrolled in the Lafayette High School Academy of Health Careers, she was assisting an unidentified Hanger Clinic technician in the machine room when her hair was caught in a vacuum component of a machine designed for manufacturing prosthetics. (Rec. Doc. 1-1, ¶3-11). In addition to Hanger, Plaintiff also sued Jason Valdetero as "the immediate supervisor for the Hanger Clinic employees that were working with and/or present at the clinic at the time of the incident," asserting liability for failure to instruct, train, supervise, among other general allegations of liability. (Rec. Doc. 1-1, ¶17). Defendants removed the case to this Court asserting diversity jurisdiction. Though Valdetero is a Louisiana citizen, Defendants maintained he was improperly joined. Valdetero now moves to dismiss Plaintiff's claims against him on the grounds that Plaintiff's allegations do not show that he owed a personal duty to Plaintiff. Plaintiff argues that Valdetero is liable for failure to train, supervise, and the like and that his presence as a defendant destroys diversity thereby justifying remand.

**Law and Analysis**

Valdetero's motion to dismiss pursuant to Rule 12(b)(6) and Plaintiff's competing motion to remand present a unique procedural posture. Under Rule

2

12(b)(6) standards, the Court is limited to the allegations in the petition and must determine whether the plaintiff has stated a claim which is plausible on its face, accepting all well-pleaded facts as true and in the light most favorable to the plaintiff. *Vardeman v. City of Houston*, 55 F.4th 1045, 1050 (5th Cir. 2022), citing well-established law.  See also *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

On the other hand, in adjudicating Plaintiff's motion to remand in response to Valdetero's position of improper joinder, the court may look beyond the allegations of the petition to determine whether Plaintiff has a sustainable claim against Valdetero. "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). Valdetero does not contend actual fraud in the pleadings but, rather, relies upon the second category of improper removals. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant." *Id.* citing *Smallwood, supra.* In deciding whether a party was improperly joined, the court must resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id.* citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005).

While the court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan. City S. Ry. Co*., 358 F.3d 329, 334 (5th Cir.2004) (citing *Travis,* 326 F.3d at 648-49.). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* A summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 310 (5th Cir. 2005), quoting *Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 224 (5th Cir.2005). Finally, the Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis*, 326 F.3d at 650-51 (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to

establish improper joinder). At this stage of the litigation Plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir.2005) (explaining "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so"). In this case, neither Plaintiff nor Defendants presented any evidence for consideration. Thus, the Court considers solely the allegations of the complaint to determine the viability of Plaintiff's claims against Valdetero.

Plaintiff alleged generally that Valdetero was the Hanger supervisor over the employees working with and/or present at the time of the incident. (Rec. Doc. 1-1, ¶17). Under Louisiana law, a manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, La. R.S. 23:1032. In *Canter v. Koehring*, the Louisiana Supreme Court identified four criteria for determining whether an employee can be found liable to a third party:

(1) The principal or employer owes a duty of care to the third person..., breach of which has caused the damage for which recovery is sought;

(2) The duty is delegated by the principal or employer to the defendant;

(3) The defendant...has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances...; and

(4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id*. at 721.

"Further, the Louisiana Supreme Court has explained that in order for personal liability to attach under *Canter,* 'that person must have some personal contact with and responsibility towards the injured employee.'" *Kemp v. CTL Distribution, Inc.,* 440 F. App'x 240, 246 (5th Cir. 2011), citing *Esco v. Smith,* 468 So.2d 1169, 1175 (La.1985). See also *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 312 (5th Cir. 2005) (dismissing, as improperly joined, claims against corporate officers and safety employees who the plaintiff alleged were imbued with safety responsibilities).

Plaintiff did not allege that Valdetero was present at the time of the incident or that he had any relevant contact with her. Rather, she alleges that she "was

assisting one of the Hanger Clinic Technicians" (Rec. Doc. 1-1, ¶8). Although she vaguely alleges that the incident was due to "the negligence and/or fault of Hanger and its employees, including but not limited to Valdetero and the Hanger technicians, that were present at the time of the incident" (¶13), conclusory allegations are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Otherwise, Plaintiff does not allege any facts showing that Valdetero breached any personal duty he owed to her.

Plaintiff requested an opportunity to amend her complaint in order to state a claim against Valdetero, but she did not identify any facts which, if alleged, would support a personal claim against Valdetero. Although district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies through amendment, the court in its discretion may disallow amendment if the amendment would be futile. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "[A] district court is not obligated to grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Hernandez v. W. Texas Treasures Est. Sales, L.L.C.,* 79 F.4th 464, 468 (5th Cir. 2023), quoting *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Because Plaintiff has not offered any new facts

which she would allege in an amended complaint, and because Plaintiff did not file a reply to Defendants' opposition to her motion to remand, the Court assumes she has pled her best case against Valdetero and finds that amendment would be futile.

Finally, improper joinder is an issue of jurisdiction, and federal courts must always determine jurisdiction at the outset. The court's limited authority to determine jurisdiction "permits the court to deny a motion [to remand] if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 209 (5th Cir. 2016). Accordingly, having found Valdetero was improperly joined, the Court recommends that Plaintiff's motion to remand be denied and that Plaintiff's claims against him be dismissed without prejudice for lack of subject matter jurisdiction. As such, the Court does not have jurisdiction to adjudicate the merits of Plaintiff's claims against Valdetero. See *Id*. The Court recommends that Valdetero's motion to dismiss be denied as moot.

## <u>Conclusion</u>

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 15) be DENIED, that Plaintiff's claims against Jason Valdetero be DISMISSED WITHOUT PREJUDICE, and that Jason Valdetero's Motion to Dismiss (Rec. Doc. 8) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of August, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE