UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MIRINA BENFERHAT**                    **CASE NO. 6:24-CV-00658**

**VERSUS**                              **JUDGE S. MAURICE HICKS, JR.**

**HANGER PROSTHETICS &**                **MAGISTRATE JUDGE CAROL B.**
**ORTHOTICS INC ET AL**                 **WHITEHURST**

## MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 22). Defendant, Hanger Prosthetics & Orthotics, Inc., opposed the motion (Rec. Doc. 24), and Plaintiff replied (Rec. Doc. 28). For the following reasons, the Court denies motion.

## Facts and Procedural History

Plaintiff filed this suit in state court to recover for injuries she allegedly sustained as a high school student intern at a Hanger clinic. She alleged in her original complaint that she was assisting an unidentified Hanger Clinic technician in the machine room when her hair was caught in a vacuum component of a machine designed for manufacturing prosthetics. (Rec. Doc. 1-1, ¶3-11). She initially sued Hanger and Jason Valdetero as the Hanger supervisor at the time of her incident. Valdetero, a non-diverse defendant, moved to dismiss Plaintiff's claims against him as an improperly joined defendant. This Court agreed that Valdetero was improperly

joined, granted the motion to dismiss, thus establishing complete diversity between Plaintiff and Hanger, and denied Plaintiff's motion to remand. (Report and Recommendation at Rec. Doc. 21, pending adoption).

Plaintiff filed the instant motion to amend after Hanger's initial disclosures identified its employee, Stuart Allen, as the Hanger technician present at the time of the incident. (Rec. Doc. 22, ¶9; Rec. Doc. 24-1). Allen is a non-diverse defendant, whose addition would destroy diversity jurisdiction. Hanger opposes amendment and the remand it would necessitate on the grounds that Allen is not an indispensable party.

## Law and Analysis

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." However, in removed cases, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity, and the plaintiff seeks to amend the complaint to add a nondiverse party. 28 U.S.C. § 1447(e). Thus, when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Deciding whether to permit an amendment that would destroy the court's subject-

matter jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests. *Id*. In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision of whether to deny joinder or permit joinder and remand is within the discretion of the district court. *Hensgens*, 833 F.2d at 1182.

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit an diversity-destroying amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities. *Id*. The Court will address each factor in turn.

1. **<u>Whether the purpose of the amendment is to defeat federal jurisdiction.</u>**

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse defendant. See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas,*

*LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016). A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen v. Walmart Stores, L.L.C.,* 907 F.3d 170, 186 (5th Cir. 2018). However, the plaintiff's knowledge of the nondiverse defendant's identity upon initially filing suit in state court, yet failure to name him as a defendant at that time, suggests that the motion to amend was intended to frustrate diversity jurisdiction. See *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 889 (S.D. Texas 2010) (collecting cases).

  Plaintiff states that she did not become aware of the technician's identity until Hanger provided the information in initial disclosures on August 21, 2024. (Rec. Doc. 22, ¶9). Hanger contends that Plaintiff was aware of the technician at the time of the incident and presents evidence of text messages with Plaintiff after the incident naming "Stu." (Rec. Doc. 26-3). For purposes of this motion, the Court assumes that Plaintiff did not know the full identity of the technician with enough specificity to name him as a defendant at the time of filing suit.

  Plaintiff's proposed amended petition alleges that she was assisting Allen when the machine pulled her hair into the vacuum, and that Allen is liable for various transgressions, including failure to train, failure to warn, failure to inspect, *inter alia*. (Rec. Doc. 22-2). Hanger argues that Plaintiff has no colorable claim against Allen, because she has not alleged that the technician should have told her where to stand

or that he had prior knowledge of the fact that Plaintiff did pull up her long hair. Yet, Hanger submitted a copy of the incident report, which states:

> This morning, Mirina was working side-by-side with our technician, Stuart Allen, on the Sutton shoe machine. She was given a plastic socket to sand on, which she has done many times before. Though she usually pulls her hair up when working on machines, this time she did not, and we didn't notice. When she tilted her head to the left, her hair got caught in the axis of the sander. Stuart immediately turned off and unplugged the machine, and her hair was removed from the axis.

(Rec. Doc. 24-1).

Based on the foregoing, the Court finds that Plaintiff's proposed amended complaint states a colorable claim against Allen. Any technician working side-by-side with an intern should arguably have been aware of loose hair. This tends to favor amendment.

On the other hand, in considering whether the purpose of the amendment is to defeat jurisdiction, the Court notes that Plaintiff initially named the Hanger supervisor, Valdetero, as a defendant, without asserting a viable claim against him. (See discussion in Rec. Doc. 21). Plaintiff did not name a John Doe defendant or otherwise assert a claim against the unnamed technician(s). Compare *Tobin v. Lab'y Corp. of Am.,* No. CV 15-1731, 2015 WL 13543988, at *2 (E.D. La. Oct. 21, 2015), a factually similar case wherein the plaintiff moved to amend to identify a Jane Doe defendant. The Court noted: "The purpose of the amendment is to name the correct party, not to defeat diversity jurisdiction." In this case, Plaintiff's initial naming of a

supervisor, against whom she had no colorable claim, suggests that Plaintiff intended to frustrate diversity from the outset.

### 2. **Whether plaintiff was dilatory in requesting the amendment.**

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to federal court and the filing of the motion to amend. *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016). In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

Plaintiff filed suit in state court on April 22, 2024 (Rec. Doc. 1-1), Hanger removed on March 17 (Rec. Doc. 1), the Court resolved Valdetero's motion to dismiss and established jurisdiction with its Report and Recommendation on August 1 (Rec. Doc. 21), Hanger identified Allen in initial disclosures on August 21 (Rec. Doc. 22, ¶9), and Plaintiff moved to amend on September 5. Given the procedural delays necessitated by the Court's resolution of the initial jurisdiction issue, the Court finds that Plaintiff was not dilatory in requesting amendment. Trial has not been set. Thus, this factor weighs in favor of granting the amendment.

### 3. **Whether the plaintiff will be significantly injured if the amendment is not allowed.**

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5. Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor. *Porter v. Times Group*, No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

Hanger contends that Allen is not an indispensable party, such that his non-joinder would not preclude Plaintiff's complete relief. Under F.R.C.P. Rule 19(a)(1), a party is indispensable if, in his absence, the court cannot accord complete relief to the plaintiff. In the context of employee/employer liability, the Louisiana doctrine of vicarious liability renders employees who are alleged to have acted within the course and scope of their employment as unnecessary parties. See discussion in *Floyd v. Wal-Mart Louisiana, LLC,* No. CIV.A. 09-01489, 2010 WL 2710649, at *3 (W.D. La. July 7, 2010); see also *Palir v. Lab'y Corp. of Am.,* No. CV 19-00037, 2019 WL 6834141, at *3 (W.D. La. Dec. 13, 2019), *appeal denied, judgment aff'd*

*sub nom. Palir v. Lab'y Corp of Am.,* No. CV 19-0037, 2020 WL 2065963 (W.D. La. Apr. 29, 2020); *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.,* No. CIV.A.03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003).

Plaintiff speculates that if Hanger goes bankrupt, she is without recourse absent another present defendant, specifically Allen; however, a bankrupt defendant does not equate to lack of remedy. In that hypothetical event, Plaintiff would have to seek relief as a claimant in the bankruptcy proceedings. Otherwise, Plaintiff identifies no reasons that she would be injured if amendment is not allowed. This factor favors denying the motion to amend.

### 4. Other equity factors.

Under the fourth *Hensgens* factor, a court must consider any other factors bearing on the equities. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and… result in parallel state court proceedings…these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570 at *5 (internal citations omitted).

Hanger relies on *Palir, supra*, a factually similar case in which another division of this court denied leave to amend to add a newly identified employee. *Palir v. Lab'y Corp of Am.,* No. CV 19-0037, 2020 WL 2065963, at *2 (W.D. La.

Apr. 29, 2020). The court "ultimately conclude[d] granting Plaintiffs leave to amend would do nothing more than defeat diversity." *Id*. The same conclusion applies to this case. Plaintiff's proceeding in state court would provide her no procedural advantage. She may fully recover from Hanger as Allen's employer regardless of whether a judgment is rendered in state or federal court. This and all other factors considered, the Court declines to allow amendment.

Signed at Lafayette, Louisiana on this 4th day of October, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE